**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ERIC BOUZA** | : | **Case No. 1:23-cv-504** |
| **4000 Cedarhurst # 204** | : | |
| **Santa Maria, CA 93455** | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BON SECOURS MERCY HEALTH,** | : | |
| **INC.** | : | |
| **1701 Mercy Health Place** | : | |
| **Cincinnati, OH 45237** | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Now comes Plaintiff Eric Bouza, who for his Complaint against Bon Secours Mercy Health, Inc. ("Mercy"), states as follows:

**I. PRELIMINARY STATEMENT**

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and the Ohio Civil Rights Act.  Mr. Bouza, a former employee of Defendant, alleges that Defendant interfered with his rights under state and federal law by terminating him because of his disability and in retaliation for complaining about Defendant's failure to provide a reasonable accommodation.

2. Mr. Bouza seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for his economic injuries, compensatory damages for his noneconomic injuries, equitable relief in the form of reinstatement or front pay, and

punitive damages.  Finally, Mr. Bouza seeks payment of his attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et. seq*.  The Court may assert supplemental jurisdiction over Plaintiff's state law claims.

4.      Venue with this Court is appropriate because the acts complained of herein occurred within the Southern District of Ohio.

## III. PARTIES

5.      Plaintiff Eric Bouza is a United States citizen and a resident of California.  Mr. Bouza worked at Mercy's Jewish Hospital as a Phlebotomy Supervisor.  Mr. Bouza is "disabled" as that term is defined by the ADA and Ohio law.

6.      Defendant Mercy is a health care provider that provides health care services to individuals in Ohio.  Mercy is an employer as defined in the ADA and Ohio Civil Rights Act.

## IV. STATEMENT OF THE CASE

7.      Mercy hired Mr. Bouza in or about November 2020 as an outpatient phlebotomist.

8.      In August 2021, Mercy promoted Mr. Bouza to the position of Phlebotomy Supervisor at Jewish Hospital.  In connection with that promotion, Mr. Bouza received a raise in pay.

9.      In his role as Phlebotomy Supervisor, Mr. Bouza oversaw the phlebotomy lab at Jewish Hospital, where he managed the work of phlebotomists and specimen processors.

10.     Mr. Bouza reported to Stacy Coleman, the Lab Manager.

11.     Mr. Bouza suffers from a knee impairment that substantially limited the normal operation of his musculoskeletal system.

12.     On or about April 2, 2022, Mr. Bouza requested a leave of absence to undergo an ACL reconstruction and partial knee replacement.

13.     Mercy granted the leave of absence under the FMLA.

14.     Following the initial surgery, Mr. Bouza experienced some complications, resulting in three additional surgeries.

15.     On or about June 30, 2022, Mr. Bouza met with Ms. Coleman to discuss restrictions he would have upon his return to work.  Specifically, Mr. Bouza was limited to standing or walking for no more than two hours per day.  These restrictions were temporary in nature.

16.     Mercy agreed to accommodate Mr. Bouza's standing and walking restrictions.

17.     On or about July 11, 2022, Mr. Bouza returned to work.

18.     Just prior to his return, Ms. Coleman went out on maternity leave, and her supervisor, Chad Balwanz, became the interim lab manager at Jewish Hospital.

19.     Upon Mr. Bouza's return, Mr. Balwanz assigned Mr. Bouza to spend two hours per day working as a phlebotomist drawing blood, and the remainder of the day processing specimens in the lab.

20.     During the first two hours, Mr. Bouza was primarily standing and walking as he drew blood from patients.  Thereafter, the time he spent processing specimens in the lab required a significant amount of time standing and walking around the lab.  In total, Mr. Bouza found that he had to be on his feet five to six hours a day in order to perform the work duties Mercy assigned to him.

21.     Shortly after his return, Mr. Bouza complained that he was being required to walk and stand far in excess of his agreed-upon restrictions.

22.     Michael Matthews, Mercy's Vice President of Support Services, referred the matter to Audrey Kirby, Executive Director Lab for Mercy, to address.

23.     Ms. Kirby contacted Mr. Bouza, whereupon he complained that Mercy was not abiding by the agreed-upon restrictions on standing and walking.  Mr. Bouza also complained that many of his supervisory duties had been given away in violation of the ADA and FMLA.

24.     Ms. Kirby agreed that Mercy needed to abide by the restrictions and that it could not take away his duties after returning from medical leave under the ADA and FMLA.

25.     Despite Ms. Kirby's agreement that Mercy was violating the ADA and FMLA, Mercy took no action to ensure that Mr. Bouza was given an assignment that did not violate the agreed-upon physical restrictions.

26.     On August 12, 2023, Mr. Bouza was forced to take an additional leave of absence because Mercy's failure to abide by the restrictions he was given caused additional damage to his knee.

27.     Thereafter, Mercy and its third-party leave administrator, Sun Life, placed Mr. Bouza on a medical leave of absence.

28.     Although Mr. Bouza was able to receive short-term disability payments through Sun Life, those payments amounted to only sixty percent of his normal wage.

29.     Mr. Bouza had a discussion with Mercy's Advice and Counsel department, wherein he described the company's failure to abide by his restrictions and the loss of many of his job duties.

30.     Ultimately, Mr. Bouza spoke with Betsy Eichenberry, a member of Mercy's Associate Relations department.  Ms. Eichenberry agreed that Mercy would pay Mr. Bouza the additional forty percent of his salary as a result of Mercy's failure to abide by the restrictions causing Mr. Bouza's need for additional leave.

31.     Mr. Bouza informed Mercy, via Sun Life, on October 23, 2022 that he was cleared to return to work and would require a similar restriction, no more than two hours walking or standing per day, for a period of six weeks.

32.     However, on October 24, 2022, Mr. Bouza received an email from Mercy's Transition Team indicating that Mr. Bouza was looking for a new position internally.

33.     Mr. Bouza called Ms. Eichenberry, who assured Mr. Bouza that the email was an error and that he had not lost his position.

34.     On October 27, 2022, Mr. Bouza received a call from Ms. Coleman, Mr. Balwanz, Mr. Matthews, and a human resources representative, whereupon they informed Mr. Bouza that Mercy was cutting his position.

35.     Mercy's justification was pretext for illegal discrimination and retaliation.

36.     Mercy terminated Mr. Bouza because of his use of leave, because of his disability, and in retaliation for both requesting an accommodation and for complaining that Mercy was not abiding by his restrictions.

37.      As a result of Mercy's illegal conduct, Mr. Bouza has suffered damages including lost wages, lost benefits, and emotional distress.

### V. STATEMENT OF THE CLAIMS

### Count 1: Failure to Accommodate
### ADA and Ohio Civil Rights Act

38.     Mr. Bouza incorporates the previous paragraphs as if fully rewritten herein.

39. Mr. Bouza suffers from a disability.

40. Mr. Bouza was otherwise qualified to work at Mercy with a reasonable accommodation.

41. Mercy knew of Mr. Bouza's disability.

42. Mr. Bouza requested that he be permitted to spend no more than two hours per day either standing or walking.

43. Mercy agreed to provide the accommodation, but thereafter failed to provide it.

44. As a result of Mercy's illegal actions, Mr. Bouza has suffered damages including lost wages and emotional distress.

45. Mercy acted with malice and a conscious disregard for Mr. Bouza's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

### Count 2: Disability Discrimination
### ADA and Ohio Civil Rights Act

46. Mr. Bouza incorporates the previous paragraphs as if fully rewritten herein.

47. Mr. Bouza suffers from a disability and/or Mercy regarded him as suffering from a disability.

48. Mr. Bouza is qualified to perform the essential functions of his position with or without a reasonable accommodation.

49. Mercy terminated Mr. Bouza because of his disability and/or because it regarded him as disabled.

50. As a result of Mercy's illegal actions, Mr. Bouza has suffered damages including lost wages and emotional distress.

51.    Mercy acted with malice and a conscious disregard for Mr. Bouza's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

**Count 3: Retaliation**
**ADA and Ohio Civil Rights Act**

52.    Mr. Bouza incorporates the previous paragraphs as if fully rewritten herein.

53.    Mr. Bouza engaged in protected activity when he: 1) requested an accommodation; and 2) when he complained that Mercy failed to provide the agreed-upon accommodation and that Mercy had taken away his job duties upon his return from leave.

54.    Mercy was aware of the protected activity.

55.    Mercy terminated Mr. Bouza because of his protected activity.

56.    As a result of Mercy's illegal actions, Mr. Bouza has suffered damages including lost wages and emotional distress.

57.    Mercy acted with malice and a conscious disregard for Mr. Bouza's rights under federal law not to be subjected to discrimination in his employment on account of a disability.

**PRAYER FOR RELIEF**

Wherefore, Mr. Bouza demands judgment against the Bon Secours Mercy Health as follows:

1.    An award of compensatory damages for all economic damages suffered by Mr. Bouza in an amount to be determined at trial;

2.    An award of compensatory damages for all non-economic damages suffered by Mr. Bouza in an amount to be determined at trial;

7

3.      For an order reinstating Mr. Bouza to his previous position at Mercy, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4.      For an award of Mr. Bouza's reasonable attorney fees and costs;

5.      For an award of any other relief in law or equity to which Mr. Bouza is entitled to under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Attorney for Plaintiff Eric Bouza*

## JURY DEMAND

Plaintiff Eric Bouza demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)